```
                    THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RASAAN JOHNSON, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| | Civil No. 05-3167 (JBS) |
| v. | |
| THE UNITED STATES PAROLE COMMISSION, et al., | **OPINION** |
| Respondents. | |

APPEARANCES:

Mr. Rasaan Johnson
# 33721-007
FCI-Fairton, D/R
P.O. Box 420
Fairton, New Jersey 08320
    Petitioner Pro Se

Christopher J. Christie
United States Attorney
    By:  Paul A. Blaine
        Assistant U.S. Attorney
Camden Federal Building and U.S. Courthouse
401 Market Street
P.O. Box 2098
Camden, New Jersey 08101
    Attorney for Respondents

SIMANDLE, District Judge:

I.    **INTRODUCTION**

    This action is brought upon a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner requests a parole revocation hearing under 28 C.F.R. § 2.100(b), arguing that by refusing such a hearing the respondents have violated his rights under the above regulation and the United States Constitution.  Petitioner also filed a "Motion for Speedier Resolution", a motion for appointment of counsel, and a motion

for an evidentiary hearing, pursuant to 28 U.S.C. § 2243 and 18 U.S.C. § 3006A.  [Docket Item 8].

For the reasons expressed below, the relief sought by Petitioner will be denied.

## II.  BACKGROUND

On May 3, 1999, Rasaan Johnson ("Petitioner") began a prison sentence of 6-18 months and 1-3 years for first degree burglary and attempted distribution of cocaine.  (Resp'ts. Ex 1, Progress Report.)  This sentence was imposed by the District of Columbia Superior Court.  (Pet. at 2.)  The United States Parole Commission ("Parole Commission") granted Petitioner parole from this original sentence on December 12, 2001, placing him on supervised release until November 1, 2003.  (Resp'ts. Ex. 2, Cert. of Parole.)

On June 7, 2003, while on parole, Petitioner was charged with aggravated assault, leading the Parole Commission to issue a warrant charging him with parole violation on August 8, 2003. (Pet'r Ex. C.)  The Parole Commission instructed the United States Marshal Service to hold the warrant in abeyance as a detainer until Petitioner was released from the assault charges. (Resp'ts. Ex. 4.)

On December 8, 2003, the District of Columbia Superior Court sentenced Petitioner to a four year term of incarceration, followed by three years of supervised release for the June 7, 2003 aggravated assault charge.  (Resp'ts. Ex. 5, sentence computation.)

By letter to the Parole Commission dated March 17, 2005, Petitioner requested a "revocation hearing". (Pet'r Ex. D, letter to Parole Commission, at 1.) The Parole Commission denies having received this letter. (Resp'ts. Answer at ¶ 10.) No revocation hearing has been held. (Pet. at ¶ 10.)

Petitioner's current projected release date is January 16, 2007, according to the Federal Bureau of Prisons. (Resp'ts. Ex. 5 at 3.) The Parole Commission expects the warrant to be executed upon Petitioner's release from present confinement. (Resp'ts. Answer at 3.)

### III. DISCUSSION

For reasons now explained, Rasaan Johnson's petition for a writ of habeas corpus will be denied, as will his Motion for a Speedier Trial or Evidentiary Hearing and Appointment of Counsel.

**A.  Petitioner Will Not be Granted an Evidentiary Hearing**

The Petitioner requests an evidentiary hearing before this Court. For the following reasons, the court will deny that motion. "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." 28 U.S.C. § 2243. Thus, in order for the Petitioner to be entitled to an evidentiary hearing, he must demonstrate that there is some issue of fact. 28 U.S.C. § 2243. Petitioner has not made such a showing.

That the warrant was held as a detainer, and therefore not executed, is not in dispute. The application thus presents only

3

issues of law.  Accordingly, no evidentiary hearing is required, and Petitioner's motion will be denied.  28 U.S.C. § 2243.

**B.   The Petitioner's Motion for Appointment of Counsel Will be Denied**

Petitioner moves to have counsel appointed.  For reasons now explained, Petitioner is not entitled to have counsel appointed.

This Court may, pursuant to 18 U.S.C. § 3006A(a)(2)(B), appoint counsel to represent an indigent prisoner seeking habeas corpus relief "[w]henever the U.S. Magistrate or the court determines that the interests of justice so require."  There is no Sixth Amendment right to counsel in a habeas action, as a habeas petition is a civil, not a criminal, action.  See Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984); Bonin v. Vasquez, 999 F.2d 425, 430 (9th Cir. 1993).  Appointment of counsel under section 3006A(a)(2)(B) rests within the discretion of the trial court, and is ordinarily reserved for exceptional cases where appointment of counsel is necessary to satisfy due process requirements.  See Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991).  Accordingly, there is no "automatic" right to counsel in a federal habeas corpus proceeding.  Reese, 946 F.2d at 263 (citing Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990).

In considering a petitioner's request for appointment of counsel, the court should consider whether "the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court."  Reese, 946 F.2d at

263-64; see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). The court should also consider "the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Reese, 946 F.2d at 264 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)).

Courts generally will not appoint counsel in cases where, as here, "no evidentiary hearing [is] required and the issues in the case ha[ve] been narrowed." Id. (citing Terrovana v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990)). The Court need not appoint counsel if the issues before the Court are "straightforward and capable of resolution on the record..." id. (quoting Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)).

In the present case, there are no material factual issues in dispute. For reasons set forth above, no evidentiary hearing is required. Moreover, the legal issues before the Court regarding the lodging of the detainer are clear and straightforward. Additionally, Petitioner has not identified other considerations that warrant appointment of counsel. Petitioner's motion is therefore insufficient under 18 U.S.C. § 3006A, and will be denied.

**C.   Petitioner is Not Entitled to a Revocation Hearing Pursuant to 28 C.F.R. § 2.99(e)**

5

Petitioner's claim that he is entitled to a revocation hearing fails because the Parole Commission's warrant has been issued but not executed.[1]

Under 28 C.F.R. § 2.99(e) a parolee is entitled to a revocation hearing upon the execution of the warrant empowering Marshals to take the parolee into custody.  Execution of the warrant and custody under the warrant is the operative event triggering any loss of liberty attendant upon parole revocation.  See Moody v. Daggett, 429 U.S. 78, 87 (1976).  The Supreme Court in Moody held that withholding execution of a warrant as a detainer does not violate a liberty interest of a prisoner because his present confinement is not a result of the Parole Commission's action, but of the new sentence for criminal activity.  Moody, 429 U.S. at 78.

The Parole Commission is empowered to lodge a warrant for a parolee if that parolee is in law enforcement custody or serving a sentence for a crime committed during parole.  28 C.F.R. § 2.100(a).  In a case, as here, where the new criminal activity is non-parole-eligible, the Parole Commission is not required to hold a hearing reviewing the detainer unless a request for such a review is made by the parolee.  28 C.F.R. § 2.100(c).  There is no right to a "revocation hearing" associated with a detainer.

---

[1] A warrant is said to be executed when a government official has been empowered by that warrant and takes the parolee into custody.  28 C.F.R. § 2.99(a).

6

Here, the warrant was withheld as a detainer on the day that it was issued. (Resp'ts. Ex. 4). Because the Parole Commission held the warrant for the Petitioner in abeyance as a detainer, the warrant was not executed, and the Petitioner has no right to a revocation hearing.

### D. Petitioner is Not Entitled to a Proceeding to Review the Detainer Under 28 C.F.R. § 2.100(c)

Petitioner's alternative argument that he has requested a review of detainer fails because his letter was insufficient and was not received by the Parole Commission.

The Parole Commission is to hold a review of detainer if requested by a non-parole-eligible parolee. "If the parolee is serving a new sentence of imprisonment that does not include eligibility for parole under the Committee's jurisdiction, the Committee shall review the detainer upon the request of the parolee." 28 C.F.R. § 2.100(c). Therefore, upon request by the parolee, it is the obligation of the Parole Commission to hold a hearing to review the detainer. Id.

Without citing authority, the Pro Se Petitioner argues that his letter dated March 17, 2003 requesting a "revocation hearing" should be read more broadly so as to invoke a resolution to his detainer as well.

Respondents first argue that they never received the March 17, 2005 letter from the Petitioner. (Resp'ts Answer at ¶ 10.a.) Alternatively, Respondents argue that the March 17, 2005 letter is insufficient as a request for a prior disposition hearing,

7

citing 28 C.F.R. § 2.100(c). According to Respondents, the letter is insufficient because it requested a "revocation hearing", not a "review of detainer."

Even if Respondents received Petitioner's letter, the letter did not request a review of detainer. The Court agrees with Respondents that the plain meaning of § 2.100(c) states that the right to a review of detainer is only triggered by a request for a review of detainer hearing made by the parolee. In this case, such a request was not made. Accordingly, Petitioner is not entitled to the relief sought.

**IV. CONCLUSION**

For the reasons set forth above, Mr. Johnson's petition for a writ of habeas corpus will be denied, as will the motions for an evidentiary hearing and appointment of counsel.

| | |
|---|---|
| **May 31, 2006** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | United States District Judge |